UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-365-RJC-DCK

| TERESA ALEXANDER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| WACKENHUT SECURITY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed a Title VII civil rights Complaint, (Doc. No. 1), Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), and Motion to Appoint Counsel, (Doc. No. 3), on July 28, 2011. Plaintiff's Motion to Appoint Counsel was denied on August 3, 2011 and Plaintiff's IFP Motion was granted on September 9, 2011.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an in forma pauperis ("IFP") complaint if "the action ... (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A district court has broad discretion to police IFP filings to prevent abuse of the statute. See Nagy v. FMC Butner, 376 F.3d 252, 255, 257 (4th Cir. 2004); see also Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006) (noting that 28 U.S.C.A. § 1915(e) applies to all IFP filings, not just those filed by prisoners). Indeed, "to provide free access to the courts without overwhelming the efficient administration of justice with meritless cases, the system relies primarily on the judgment of the district courts to permit suits that are arguably meritorious and to exclude suits that have no arguable basis in law or fact." Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 954 (4th Cir. 1995).

"In evaluating a case under § 1915, a court may look to cases decided under Fed. R. Civ. P. 12(b)(6) for guidance." Bullock v. Beasley & Allen, 2009 WL 2827950, at *2 (E.D.N.C. Aug. 28, 2009). To survive dismissal under Rule 12(b)(6), Plaintiff's Complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A sufficient complaint "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. (internal quotations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. Id. (citations omitted). However, pro se filings, "however inartfully pleaded," are to be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Plaintiff alleges she was terminated based on her sex and her race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and that Defendant defamed her character by informing others that she was fired for prostitution. Plaintiff states that she was asked by her supervisor, Cindy Beaver ("Beaver"), to prostitute herself at her workplace and when she refused, she was fired. (Doc. No. 1 at 3). Plaintiff also alleges that Beaver frequently stated that she hated non-white people and would often remark that "white people take care of black welfare people." (Id.). Plaintiff alleges that she reported the harassment to another company representative, Brian Smith, who said that she was just trying to ruin the lives of white people. (Id. at 7-8). With regard to her defamation claim, Plaintiff alleges that the Defendant informed her she was fired "for prostitution" and that this "statement was

2

intentionally published to a third party from supervisor Cindy Beaver to other co-workers and company people." (Id. at 9).  Plaintiff also alleges that Defendant committed slander, intentional infliction of emotional distress and negligence.  The Court finds that Plaintiff's Complaint is not frivolous.

**IT IS, THEREFORE, ORDERED** that the Clerk shall prepare and issue service of process on defendant Wackenhut Security.

Signed: November 29, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

3