**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.  3:11-CV-365-RJC-DCK**

| | | |
|---|---|---|
| **TERESA ALEXANDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | <u>**MEMORANDUM AND**</u> |
| | ) | <u>**RECOMMENDATION**</u> |
| **WACKENHUT SECURITY,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss For Want Of Prosecution" (Document No. 14) filed August 6, 2012.  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## BACKGROUND

Plaintiff Teresa Alexander ("Plaintiff") filed a complaint against Wackenhut Security ("Defendant") on July 28, 2011 alleging racial and sexual discrimination (Document No. 1).

Defendant filed a "Motion To Dismiss For Want Of Prosecution" (Document No. 14) on August 6, 2012.  The undersigned issued a *sua sponte* "<u>Roseboro</u> Notice" (Document No. 16) on August 22, 2012, instructing Plaintiff that her response was due by August 23, 2012, and that failure to file a timely and persuasive response would likely lead to dismissal of this lawsuit.

Plaintiff filed a motion for extension of time on August 22, 2012.  (Document 17).  The undersigned granted that motion by Order (Document No. 18) dated August 24, 2012, allowing

Plaintiff until September 7, 2012 to file her response. To date, Plaintiff has failed to file a response to the pending motion and the time to do has lapsed.

On September 12, 2012, Plaintiff did file a notice with the Court asking that her case not be dismissed, and suggesting that she has an appointment with "a lawyer with the NAACP red team" and/or that "the NAACP has given me another lawyer." (Document No. 19). Plaintiff's brief statement is unclear as to whether or not she has acquired counsel, or has an appointment to meet with counsel who might represent her. Plaintiff's notice does not expressly request an extension of time, and certainly to date no counsel has filed a notice of appearance on her behalf.

Immediate review of the pending motion and recommendation for disposition to the presiding district judge is now appropriate.

## DISCUSSION

According to "Defendant's Motion To Dismiss For Want Of Prosecution" (Document No. 14):

> Plaintiff has: (1) failed to participate in a Rule 26(f) conference; (2) failed to submit a report of the Rule 26(f) conference; (3) failed to submit initial disclosures as required by Rule 26(a)(1) and this Court's February 14, 2012 Pretrial Order and Case Management Plan (Doc. 13); (4) failed to respond to Defendant's First Set of Requests for Production of Documents to Plaintiff, served on February 23, 2012 (and re-sent on May 21, 2012); (5) failed to respond to Defendant's First Set of Requests for Admission to Plaintiff, served on February 23, 2012 (and re-sent on May 21, 2012); (6) failed to provide Defense counsel with proposed dates to sit for deposition; (7) failed to propound any discovery on her behalf; and [8] other than one telephone conversation on May 17, 2012, failed to communicate with Defense counsel, either verbally or in writing, at any time since Plaintiff filed her Complaint.

(Document No. 14, p.1).

Based on the foregoing, Defendant makes a persuasive argument that dismissal with prejudice of this action is warranted under Fed.R.Civ.P. 16, 37 and 41. (Document No. 14, p.2; Document No. 15). Defendant contends that no other sanction is feasible or sufficient. Id.

In addition, and as noted above, Plaintiff has failed to file a response to the pending motion to dismiss, even after receiving a "Roseboro Notice" and an extension of time. As such, it appears that Plaintiff's failure to prosecute and to further abide by the Federal Rules and the Orders of this Court does indeed warrant dismissal. The undersigned finds that Plaintiff's recent notice that she may be seeking, or has obtained counsel, is untimely and vague, and fails to provide sufficient cause to deny the pending motion. This matter has been pending for over a year with little, if any, effort by Plaintiff to prosecute her claims. Plaintiff, or counsel for Plaintiff, will have ample opportunity to object to this decision within fourteen (14) days.

Based on the record of this case and Defendant's compelling argument for dismissal the undersigned will recommend that Defendant's motion be granted.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion To Dismiss For Want Of Prosecution" (Document No. 14) be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond

v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to *pro se* Plaintiff, counsel for Defendant, and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: September 13, 2012

David C. Keesler
United States Magistrate Judge