UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-365-RJC-DCK

| TERESA ALEXANDER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| WACKENHUT SECURITY, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for lack of prosecution, (Doc. No. 14).

## I. BACKGROUND

### A. Procedural Background

Plaintiff filed a Complaint on July 28, 2011, alleging racial and sexual discrimination. (Doc. No. 1). Defendant timely filed an Answer on January 13, 2012. Since that time, Defendant states that Plaintiff has generally refused to participate in discovery. (Doc. No. 14 at 1). Defendant filed a Motion to Dismiss for lack of prosecution on August 6, 2012, (Doc. No. 14). The Magistrate Judge issued a Roseboro Notice on August 22, 2012, (Doc. No. 16), instructing Plaintiff that her response was due by August 23, 2012 and that failure to file a timely and persuasive response would likely lead to dismissal of her lawsuit. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). The Magistrate Judge granted Plaintiff's subsequently filed Motion for Extension of Time, allowing her until September 7, 2012 to file a response. On September 12, 2012, Plaintiff filed a Response to Defendant's Motion to Dismiss, stating:

> This case should not be dismissed because the NAACP has given me another lawyer[.] I thought I had to bring the paper work to court first. [Defendant] is

> breaking my constitutional civil rights[,] torts and other laws and continue[s] to do so on an everyday basis.

(Doc. No. 19 at 2). On September 13, 2012, the Magistrate Judge issued a Memorandum and Recommendation ("M&R"), recommending that this Court grant Defendant's Motion. (Doc. No. 20). Plaintiff secured counsel, who objected on her behalf to the Magistrate Judge's recommendation, arguing instead for a dismissal *without* prejudice. See (Doc. No. 21). Defendant replied, objecting to Plaintiff's request and arguing for dismissal with prejudice. See (Doc. No. 22).

  B. Factual Background

Plaintiff alleges she was terminated based on her sex and her race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and that Defendant defamed her character by informing others that she was fired for prostitution. Plaintiff states that she was asked by her supervisor, Cindy Beaver ("Beaver"), to prostitute herself at her workplace and when she refused, she was fired. (Doc. No. 1 at 3). Plaintiff also alleges that Beaver frequently stated that she hated non-white people and would often remark that "white people take care of black welfare people." (Id.). Plaintiff alleges that she reported the harassment to another company representative, Brian Smith, who said that she was just trying to ruin the lives of white people. (Id. at 7-8). With regard to her defamation claim, Plaintiff alleges that the Defendant informed her she was fired "for prostitution" and that this "statement was intentionally published to a third party from supervisor Cindy Beaver to other co-workers and company people." (Id. at 9). Plaintiff also alleges that Defendant committed slander, intentional infliction of emotional distress and negligence.

## II. LEGAL STANDARD

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

### III. ANALYSIS

The Magistrate Judge recommended, and this Court agrees, that Plaintiff's Complaint should be dismissed. Defendant states that Plaintiff has:

> (1) failed to participate in a Rule 26(f) conference; (2) failed to submit a report of the Rule 26(f) conference; (3) failed to submit initial disclosures as required by Rule 26(a)(1) and this Court's February 14, 2012 Pretrial Order and Case Management Plan (Doc. 13); (4) failed to respond to Defendant's First Set of Requests for Production of Documents to Plaintiff, served on February 23, 2012 (and re-sent on May 21, 2012); (5) failed to respond to Defendant's First Set of Requests for Admission to Plaintiff, served on February 23, 2012 (and re-sent on May 21, 2012); (6) failed to provide Defense counsel with proposed dates to sit for deposition; (7) failed to propound any discovery on her behalf; and (7) other than one telephone conversation on May 17, 2012, failed to communicate with Defense counsel, either verbally or in writing, at any time since Plaintiff filed her

3

Complaint.

(Doc. No. 14 at 1). Although Plaintiff's brief Response to Defendant's Motion to Dismiss requests this Court not to dismiss her case, she fails to provide any substantive response to the merits of Defendant's motion. See (Doc. No. 19).

By her failure to prosecute her case, participate in a Rule 26(f) conference, submit required disclosures, and answer Defendant's discovery requests, Plaintiff has violated the Federal Rules of Civil Procedure and orders from this Court. See FED. R. CIV. P. 41(b) (failure to prosecute); FED. R. CIV. P. 16(f)(1)(C) (allowing a court to, among other things, dismiss an action if a party or its attorney fails to obey a scheduling or other pretrial order); FED. R. CIV. P. 37(b)(2) (if a party fails to provide or permit discovery, a court may, among other things, dismiss the action); FED. R. CIV. P. 37(b)(2)(A)(v) (allowing a court to dismiss an action for failure to comply with a court order). Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

It is Plaintiff's burden to move this case forward, and Plaintiff has failed to do so.

In Plaintiff's objection to the M&R, (Doc. No. 21), her newly acquired attorney writes:

> It appears Plaintiff may have meritorious claims, including evidence of gross racial slurs and quid pro quo sexual requests, but the undersigned has not been able to assess the merits of the case or talk with potential witnesses. Counsel has focused on advising Plaintiff about the current posture of the case in light of the procedural history.
>
> Given these circumstances, the undersigned proposes that the Court dismiss Plaintiff's Title VII claim without prejudice. A dismissal without prejudice will have the same effect on the Title VII action as a dismissal with prejudice. There are no savings provisions under federal Rule 41 that apply to the dismissal of a Title VII claim without prejudice. Since a Title VII claim must be filed within 90

4

days of issuance of a Notice of Right to Sue, Plaintiff is time-barred from refiling the Title VII action two years after issuance of the Right to Sue.

A dismissal without prejudice would end the Title VII action permanently, but avoid any declaration by the Court as to the merits of Plaintiff's claims. Plaintiff may have colorable state and federal claims under other theories of liability. The Court should avoid a ruling that gives Defendant some basis to argue res judicata or collateral estoppel as to the merits of those possible claims, where the Court is resolving this case solely on procedural grounds. Defendant has not moved for summary judgment; it seeks relief solely on the grounds that Plaintiff is in procedural default. A dismissal without prejudice would provide an equitable resolution of the interests of both parties at this stage.

(Doc. No. 21 at 2).

In light of Plaintiff's recent acquisition of counsel, and the compelling arguments of such counsel, the Court will grant Plaintiff's request and dismiss this action without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**. The Clerk is directed to close this case.

Signed: November 20, 2012

Robert J. Conrad, Jr.
Chief United States District Judge